UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) ) SUNBELT RENTALS, INC. ) ) Defendant. ) ) | CIVIL ACTION NO: 6:09-cv-1680-ORL-18 KRS COMPLAINT JURY TRIAL DEMANDED INJUNCTIVE RELIEF SOUGHT |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Rodney Bracy. As stated with greater particularity below, the Commission alleges that the Defendant, Sunbelt Rentals, Inc., violated Title VII when it subjected Bracy to racial harassment and failed to promote on the basis of his race (Black). Further, the Commission alleges that Defendant unlawfully retaliated against Bracy when it transferred him and terminated his employment.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1), (3) ("Title VII"), and §102 of the Civil Rights Act of 1991, 42 U.S.C.

§1981a ("CRA 1991").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (hereinafter "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1), (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in Orange County, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b), (g), and (h).

6. At all relevant times, Defendant was Bracy's employer.

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Bracy filed a Charge of Discrimination against Defendant alleging violations of Title VII.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least July 2007, Defendant has engaged in unlawful employment practices at certain of its "Profit Centers" or stores in the Orlando area, in violation of §703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a), as follows:

   a. Bracy worked for Defendant from July 2007 until June 2008, when Defendant fired him.

   b. During the course of Bracy's employment, Defendant subjected Bracy to hostile work environment based on his race (Black). The harassment included, but was not limited to: brandishing a hangman's noose in the workplace; making threatening, abusive, and discriminatory statements; and subjecting Bracy to other offensive language and racially hostile media.

   c. The racial harassment was perpetrated by Defendant's employees and supervisors/managers. Defendant was on notice of the harassment but failed to take prompt remedial action to stop the harassment and prevent it from recurring.

   d. The hostile work environment perpetrated by Defendant's supervisors and/or managers culminated in tangible job detriment against Bracy including, but not limited to, denied promotions/favorable employment opportunities, an unfavorable transfer, and the termination of Bracy's employment.

10. Since at least July 2007, Defendant has engaged in unlawful employment practices at certain of its "Profit Centers" or stores in the Orlando area, in violation of

§703(a)(1) Title VII, 42 U.S.C. §2000e-2(a), as follows:

 a. During the course of Bracy's employment, Defendant failed to promote Bracy by denying him favorable employment opportunities including, but not limited to, sales positions at Defendant's Store # PC 012, sales positions at Defendant's Store # PC 041, and "outside sales" positions for which Bracy was qualified.

 b. Defendant failed to promote Bracy, as described in subparagraph (a), because of his race (Black). Although Bracy was qualified for the positions at issue, Defendant selected others, outside of Bracy's protected class, for the positions. Defendant's reason for not promoting Bracy constitutes a pretext for race discrimination.

11. Since at least July 2007, Defendant has engaged in unlawful employment practices at certain of its "Profit Centers" or stores in the Orlando area, in violation of §704(a) of Title VII, 42 U.S.C. §2000e-3(a), as follows:

 a. Bracy engaged in protected activity including, but not limited to, his opposition to, and complaints about, the racially hostile work environment and race discrimination. Furthermore, Bracy engaged in protected activity when he filed a Charge of Discrimination against Defendant alleging Title VII violations and engaged in other protected activity.

 b. Defendant unlawfully retaliated against Bracy because he engaged in protected activity. The retaliation included, but was not limited to: transferring Bracy out of Defendant's "JumpStart" program, which

deprived Bracy of training and employment opportunities; transferring Bracy out of Defendant's Store #PC 012, which deprived Bracy of favorable employment opportunities, including promotion to a sales position; and terminating Bracy's employment.

12. The effect of the practices complained of in paragraphs 9 through 11 have been to deprive Bracy of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and his exercise of federally protected rights under Title VII.

13. The unlawful employment practices complained of in paragraphs 9 through 11 were intentional.

14. The unlawful employment practices complained of in paragraphs 9 through 11 were done with malice or with reckless indifference to the federally protected rights of Bracy.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in harassment and/or discrimination on the basis of race and unlawful retaliation, or any other employment practice which discriminates on the basis of race or which constitutes unlawful retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for victims of harassment

and/or discrimination on the basis of race and unlawful retaliation, and which eradicates the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Bracy by providing appropriate back-pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief, including but not limited to reinstatement and/or front pay, as necessary to eradicate the effects of Defendant's unlawful employment practices.

D.    Order Defendant to make whole Bracy by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in an amount to be determined at trial.

E.    Order Defendant to make whole Bracy by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including emotional pain, suffering, and humiliation, in an amount to be determined at trial.

F.    Order Defendant to pay to Bracy punitive damages for Defendant's malicious and reckless conduct, in an amount to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission demands a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

Equal Employment Opportunity
Commission
131 M Street, N.E.
Washington, D.C. 20507

MICHAEL J. O'BRIEN
Acting Regional Attorney

MARIA KATE BOEHRINGER
Supervisory Trial Attorney

_____
BRIAN J. SUTHERLAND
Trial Attorney
Washington Bar No. 37969
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, FL 33131
Tel.: (305) 808-1815
Fax: (305) 808-1835
Email: brian.sutherland@eeoc.gov

Dated: 9/29/09